B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Karmaloop, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>See Annex 1 | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>26-2953934 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>334 Boylston Street, Suite 500<br>Boston, MA<br>ZIP CODE 02116 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Suffolk County, Massachusetts | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |

B1 (Official Form 1) (04/13)                                                                                          Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Karmaloop, Inc. |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: None | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>KarmaloopTV, Inc. | Case Number:<br>Pending | Date Filed:<br>03/23/2015 |
| District:<br>District of Delaware | Relationship:<br>Subsidiary | Judge:<br>Pending |

| Exhibit A<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | Exhibit B<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)      (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                                       Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Karmaloop, Inc. |
|---|---|

| Signatures |
|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Debtor<br><br>X _____<br>  Signature of Joint Debtor<br><br>  _____<br>  Telephone Number (if not represented by attorney)<br><br>  _____<br>  Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>  (Signature of Foreign Representative)<br><br>  _____<br>  (Printed Name of Foreign Representative)<br><br>  _____<br>  Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X  */s/ Steve K. Kortanek*<br>  Signature of Attorney for Debtor(s)<br>  Steven K. Kortanek (DE Bar No. 3106)<br>  Printed Name of Attorney for Debtor(s)<br>  Womble Carlyle Sandridge & Rice, LLP<br>  Firm Name<br><br>  222 Delaware Avenue, Suite 1501<br>  Wilmington, DE 19801<br>  Address<br>  (302) 252-4320<br>  Telephone Number<br>  03/23/2015<br>  Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>  _____<br>  Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>  _____<br>  Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>  _____<br>  Address<br><br>X _____<br>  Signature<br><br>  _____<br>  Date |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  /s/ Brian L. Davies, Jr.<br>  Signature of Authorized Individual<br>  Brian L. Davies, Jr.<br>  Printed Name of Authorized Individual<br>  Chief Restructuring Officer<br>  Title of Authorized Individual<br>  03/23/2015<br>  Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## Annex 1

In addition to any names listed on the Voluntary Petition, the debtor in this case may have used one or more of the following names (including trade names) during the previous 8 years:

i.     Karmaloop Boston, LLC;

ii.    KarmaSwap, LLC;

iii.   Team Higher LLC;

iv.    JungleLife, LLC;

v.     Society Original Products;

vi.    Karmaloop ApS;

vii.   BrickHarbor;

viii.  Karmaloop Europe AG;

ix.    PLNDR;

x.     Kazbah;

xi.    MissKL;

xii.   Klikit, LLC;

xiii.  Boylston Trading Company;

xiv.   Umbrellaloop, LLC;

xv.    Orisue, LLC;

xvi.   Fenced Watches, LLC;

xvii.  Pilot Licensing, LLC;

xviii. Flud Watches, LLC;

xix.   Streetammo US, LLC ;

xx.    Streetammo ApS;

xxi.   Streetammo Outlet ApS;

xxii.  Sneakershop.DK ApS;

xxiii. Magic Blvd ApS; and

xxiv.  Amongst Friends and Family LLC.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Karmaloop, Inc., et al.,[1] | ) | Case No. _____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO RULES 1007(A) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

I, Brian L. Davies, Jr., declare under penalty of perjury under the laws of the United States of America, to the best of my knowledge, information and belief, as follows:

1. I am the Chief Restructuring Officer of Karmaloop, Inc., a Delaware corporation (the "Company").

2. The following persons and/or entities directly own more than 10% of the equity interests of the Company:

    a. Gregory Selkoe (401 Stuart St., 19D, Boston, MA 02116); and

    b. Allen Sneider (38 Aqueduct Road, Wayland, MA 01778)

Dated: March 22, 2015

Brian L. Davies, Jr.
Chief Restructuring Officer

_Brian Dav_

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Karmaloop, Inc. - 3934; KarmaloopTV, Inc. – 8230. The Debtors' address is 334 Boylston Street, Suite 500, Boston, MA 02116.

4847-2834-6402.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                              )        Chapter 11
                                    )
Karmaloop, Inc., et al.,[1]         )        Case No. _____ (___)
                                    )
                    Debtors.        )        (Joint Administration Requested)
                                    )

### DECLARATION CONCERNING DEBTORS' CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, Brian L. Davies, Jr., Chief Restructuring Officer of the above-captioned debtors and

debtors in possession, declare under penalty of perjury under the laws of the United States of

America that I have reviewed the foregoing *Consolidated List of Creditors Holding 30 Largest*

*Unsecured Claims* submitted herewith and that the information contained therein is true and

correct to the best of my knowledge, information and belief.

Dated: March 22, 2015

                                    _____
                                    Brian L. Davies, Jr.
                                    Chief Restructuring Officer
                                    Karmaloop, Inc. and KarmaloopTV, Inc.

4834-5458-8706.1

---

[1]     The Debtors and the last four digits of their respective federal taxpayer identification numbers are as
follows: Karmaloop, Inc. - 3934; KarmaloopTV, Inc. – 8230.  The Debtors' address is 334 Boylston Street,
Suite 500, Boston, MA 02116.

Form B4 (Official Form 4) - (12/07)

**Karmaloop, Inc.**
_____
Debtor                                                    Case No. (If known)

## Form 4.   LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF DELAWARE

Following is a list of the debtor's creditors holding the 30 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. If a minor child is one of the creditors holding the 30 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|---|
| 1 | Insight Venture Partners VI, L.P. 1114 Avenue of the Americas 36th Floor New York, NY 10036 | Insight Venture Partners VI, L.P. 1114 Avenue of the Americas 36th Floor New York, NY 10036 | Unsecured Debt | | | | $8,015,984.90 |
| 2 | Silicon Valley Bank 3003 Tasman Drive Santa Clara, CA 95054 | Silicon Valley Bank 3003 Tasman Drive Santa Clara, CA 95054 | Unsecured Debt | | | | $8,000,000.00 |
| 3 | GSI Commerce Lockbox 827327 PO Box 827327 Philadelphia, PA 19182-7327 | GSI Commerce Lockbox 827327 PO Box 827327 Philadelphia, PA 19182-7327 | Trade Payable | | | | $4,459,206.22 |
| 4 | Insight Venture Partners (Cayman) VI, L.P. 1114 Avenue of the Americas 36th Floor New York, NY 10036 | Insight Venture Partners (Cayman) VI, L.P. 1114 Avenue of the Americas 36th Floor New York, NY 10036 | Unsecured Debt | | | | $2,518,195.90 |
| 5 | Navigo Consulting Group 5030 E 2nd St. Suite 205 Long Beach, CA 90803 | Navigo Consulting Group 5030 E 2nd St. Suite 205 Long Beach, CA 90803 | Trade Payable | | | | $1,436,128.84 |

Form B4 (Official Form 4) - (12/07)

**Karmaloop, Inc.**
_____
Debtor                                                    Case No. (If known)

### Form 4.  LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS
#### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|
| 6  Google Inc.<br>Department 33654<br>PO Box 39000<br>San Francisco, CA 94139 | Google Inc.<br>Department 33654<br>PO Box 39000<br>San Francisco, CA 94139 | Trade Payable | | | | $995,507.11 |
| 7  Katie McEnroe<br>11 Shore Drive<br>Plandome, NY 11030 | Katie McEnroe<br>11 Shore Drive<br>Plandome, NY 11030 | Unsecured Debt | | | | $908,200.00 |
| 8  Jakprints Inc<br>3133 Chester Ave<br>Cleveland, OH 44114 | Jakprints Inc<br>3133 Chester Ave<br>Cleveland, OH 44114 | Trade Payable | | | | $854,916.34 |
| 9  Optaros<br>10 Milk Street, 11th Floor<br>Boston, MA 02108 | Optaros<br>10 Milk Street, 11th Floor<br>Boston, MA 02108 | Trade Payable | | | | $802,822.08 |
| 10  HUF Inc.<br>2301 E. 7th st.<br>Suite# B200<br>Los Angeles, CA 90023 | HUF Inc.<br>2301 E. 7th st.<br>Suite# B200<br>Los Angeles, CA 90023 | Trade Payable | | | | $586,352.82 |
| 11  Insight Venture Partners VI (Co-Investors), L.P.<br>1114 Avenue of the Americas<br>36th Floor<br>New York, NY 10036 | Insight Venture Partners VI (Co-Investors), L.P.<br>1114 Avenue of the Americas<br>36th Floor<br>New York, NY 10036 | Unsecured Debt | | | | $465,819.20 |
| 12  Hybris Software<br>c/o Roedl Langford<br>75 Beattie Pl., Ste 550<br>Greenville, SC 29601 | Hybris Software<br>c/o Roedl Langford<br>75 Beattie Pl., Ste 550<br>Greenville, SC 29601 | Trade Payable | | | | $461,843.74 |

Form B4 (Official Form 4) - (12/07)

**Karmaloop, Inc.**
_____
Debtor                                   Case No. (If known)

### Form 4. LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS
#### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|
| 13  Vcare Corporation<br>5000 Atrium Way, Suite 8<br>Mount Laurel, NJ 08054 | Vcare Corporation<br>5000 Atrium Way, Suite 8<br>Mount Laurel, NJ 08054 | Trade Debt | | | | $394,373.00 |
| 14  DHL  Express Inc. - 852958043<br>16592 Collections Center Drive<br>Chicago, IL 60693 | DHL  Express Inc. - 852958043<br>16592 Collections Center Drive<br>Chicago, IL 60693 | Trade Payable | | | | $382,440.23 |
| 15  eBay Enterprise Marketing Solutions, Inc.<br>935 First Avenue<br>King of Prussia, PA 19406 | eBay Enterprise Marketing Solutions, Inc.<br>935 First Avenue<br>King of Prussia, PA 19406 | Trade Payable | | | | $344,551.67 |
| 16  10.Deep<br>19226 70th Avenue South<br>Kent, WA 98032 | 10.Deep<br>19226 70th Avenue South<br>Kent, WA 98032 | Trade Payable | | | | $313,695.01 |
| 17  Vcare Technology<br>5000 Atrium Way<br>Suite 8<br>Mount Laurel, NJ 08054 | Vcare Technology<br>5000 Atrium Way<br>Suite 8<br>Mount Laurel, NJ 08054 | Unsecured Debt | | | | $300,000.00 |
| 18  Vcare Investments, Inc.<br>5000 Atrium Way<br>Suite 8<br>Mount Laurel, NJ 08054 | Vcare Investments, Inc.<br>5000 Atrium Way<br>Suite 8<br>Mount Laurel, NJ 08054 | Unsecured Debt | | | | $300,000.00 |
| 19  DHL Global Mail<br>PO Box 406222<br>Atlanta, GA 30384-6222 | DHL Global Mail<br>PO Box 406222<br>Atlanta, GA 30384-6222 | Trade Payable | | | | $276,899.27 |

Page 3 of 5

Form B4 (Official Form 4) - (12/07)

**Karmaloop, Inc.**
_____
Debtor

Case No. (If known)
_____

### Form 4.   LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|
| 20   Adobe Systems Incorporated<br>75 Remittance Drive<br>Suite 1025<br>Chicago, IL 60675-1025 | Adobe Systems Incorporated<br>75 Remittance Drive<br>Suite 1025<br>Chicago, IL 60675-1025 | Trade Payable | | | | $227,686.88 |
| 21   Akamai Technologies, Inc<br>General Post Office<br>P.O.Box 26590<br>New York, NY 10087-6590 | Akamai Technologies, Inc<br>General Post Office<br>P.O.Box 26590<br>New York, NY 10087-6590 | Trade Payable | | | | $218,482.59 |
| 22   Tranzact<br>360 West Butterfield RD, Suite 400<br>Elmhurst, IL 60126 | Tranzact<br>360 West Butterfield RD, Suite 400<br>Elmhurst, IL 60126 | Trade Payable | | | | $211,632.01 |
| 23   Mitchell & Ness<br>Sports Licensed Division<br>8677 Logo Athletic Court<br>Indianapolis, IN 46219 | Mitchell & Ness<br>Sports Licensed Division<br>8677 Logo Athletic Court<br>Indianapolis, IN 46219 | Trade Payable | | | | $191,672.40 |
| 24   TellApart<br>257 Myrtle Road<br>Burlingame, CA 94010 | TellApart<br>257 Myrtle Road<br>Burlingame, CA 94010 | Trade Payable | | | | $167,000.21 |
| 25   Overdrive<br>38 Everett Street<br>Suite 201<br>Allston, MA 02134 | Overdrive<br>38 Everett Street<br>Suite 201<br>Allston, MA 02134 | Trade Payable | | | | $166,000.00 |
| 26   Vans<br>13911 Collection Center Dr.<br>Chicago, IL 60693 | Vans<br>13911 Collection Center Dr.<br>Chicago, IL 60693 | Trade Payable | | | | $156,919.64 |

Form B4 (Official Form 4) - (12/07)

**Karmaloop, Inc.**
_____    _____
Debtor                                                                                          Case No. (If known)

### Form 4.   LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|
| 27  1Point<br>222 Merchandise Mart Plaza<br>Suite 1212<br>Chicago, IL 60654 | 1Point<br>222 Merchandise Mart Plaza<br>Suite 1212<br>Chicago, IL 60654 | Trade Payable | | | | $132,560.67 |
| 28  Cheap Monday - The News Inc.<br>495 Broadway 5th floor<br>New York, NY 10012 | Cheap Monday - The News Inc.<br>495 Broadway 5th floor<br>New York, NY 10012 | Trade Payable | | | | $130,945.57 |
| 29  LRG<br>Attn: Steve Pando<br>7 Holland<br>Irvine, CA 92618 | LRG<br>Attn: Steve Pando<br>7 Holland<br>Irvine, CA 92618 | Trade Payable | | | | $126,253.18 |
| 30  Rapid Value Solutions<br>5700 Stoneridge Mall Road<br>Suite 260<br>Pleasanton, CA 94588 | Rapid Value Solutions<br>5700 Stoneridge Mall Road<br>Suite 260<br>Pleasanton, CA 94588 | Trade Payable | | | | $121,200.00 |

**OFFICER'S CERTIFICATE AS TO RESOLUTIONS**
**ADOPTED BY THE BOARD OF DIRECTORS**
**OF KARMALOOP, INC.**

March 19, 2015

In connection with the resolutions and written consents adopted by the board of directors (the "Authorizing Body") of Karmaloop, Inc. (the "Company"), which resolutions and written consents are attached hereto as Exhibit A, I hereby certify, in my capacity as Secretary, and not in any individual capacity, that: (i) I am the duly appointed, qualified and acting Secretary of the Company; (ii) I am authorized to execute and deliver this certificate in the name of and on behalf of the Company; (iii) the resolutions and written consents attached hereto as Exhibit A are true, correct and complete copies of the resolutions of the Authorizing Body of the Company, adopted pursuant to unanimous written consent on the dates set forth thereon; and (iv) such resolutions and written consents have not been repealed or amended and remain in full force and effect as of the date hereof.

Christopher Mastrangelo
Secretary
Karmaloop, Inc.

4823-8444-9570

EXHIBIT A

RESOLUTIONS OF THE BOARD OF DIRECTORS OF
KARMALOOP, INC.,
a Delaware corporation

March 1 , 2015

The undersigned, being all of the directors constituting the Board of Directors (the "Board") of Karmaloop, Inc., a Delaware corporation (the "Corporation"), hereby consent to the following actions and adopt the following resolutions without the necessity of a formal meeting, in accordance with the By-Laws of the Corporation and Section 141(f) of the General Corporation Law of the State of Delaware, as of the date written above:

WHEREAS, the Board of the Corporation has considered the liabilities and the liquidity of the Corporation, the strategic alternatives available to the Corporation, and the impact of the foregoing on the Corporation's business;

WHEREAS, the Board has considered, among other things, the Corporation's available liquidity, liabilities, and the ability to meet its obligations as they come due;

WHEREAS, the Board has had the opportunity to consult with the Corporation's management and business advisors to fully consider each of the strategic alternatives available to the Corporation;

WHEREAS, the Board has been presented with a proposed petition to be filed by the Corporation in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), pursuant to which it will seek the authority to continue to operate the Corporation as a debtor-in-possession;

WHEREAS, in connection with the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, the Corporation proposes to enter into that certain Debtor-In-Possession Credit Agreement (the "DIP Credit Agreement"), substantially in the form reviewed by the Board, dated on or about the date hereof, by and among Comvest Capital II, L.P., as Agent, the Corporation as Borrower, and the other Lenders party thereto, authorizing the Corporation to incur the obligations contemplated by the DIP Credit Agreement, pledge substantially all of its assets as collateral thereunder, and to use the Corporation's cash collateral in a manner consistent with the DIP Credit Agreement;

WHEREAS, in connection with the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, the Corporation proposes to undertake a sale of substantially all of its assets memorialized by an asset purchase agreement, dated on or about the date hereof, by and among the Corporation, KarmaloopTV, Inc., and ComCap Acquisition, LLC, a Delaware limited liability company (together with any ancillary or related governing documents, certificates or agreements, the "Asset Purchase Agreement"), substantially in the form reviewed by the Board;

4840-6432-4130.

WHEREAS, the Corporation will obtain direct and indirect benefits from the transactions contemplated in the DIP Credit Agreement;

WHEREAS, the Board has determined that it is advisable and in the best interests of the Corporation to sell, transfer, and assign certain assets and liabilities thereof pursuant to the Asset Purchase Agreement; and

WHEREAS, the Board desires to approve the following resolutions.

**Chapter 11 Filing**

RESOLVED: That, in the judgment of the Board of the Corporation, it is desirable and in the best interests of the Corporation, its creditors, employees and other interested parties that a petition be filed by the Corporation in the Bankruptcy Court seeking relief under the provisions of Chapter 11 of Title 11 of the Bankruptcy Code, and the filing of such petition (the "Chapter 11 Case") is authorized hereby; and be it further

RESOLVED: That Brian L. Davies, Jr., the Corporation's Chief Restructuring Officer (the "Authorized Person") is hereby authorized, empowered and directed, in the name and on behalf of the Corporation, to execute, deliver and verify any and all petitions and other documents in connection with the Chapter 11 Case and to cause the same to be filed in the Bankruptcy Court at such time or in such other jurisdiction as such Authorized Person executing the same shall determine; and be it further

RESOLVED: That the Authorized Person is authorized, empowered and directed, in the name of and on behalf of the Corporation, to execute, deliver, certify, record and/or file and perform all petitions, documents, affidavits, schedules, motions, lists, applications, pleadings and other papers, in such form and with such additions and changes to any or all as such Authorized Person deems necessary, proper or desirable, and to take and perform any and all further acts and deeds as such Authorized Person deems necessary, proper or desirable in connection with the Chapter 11 Case, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof; and be it further

RESOLVED: That the Authorized Person is authorized, empowered and directed, in the name and on behalf of the Corporation, to engage, employ and retain all assistance by legal counsel, special counsel, auctioneers, accountants, financial advisors or other professionals that such Authorized Person deems necessary, proper or desirable in connection with the Chapter 11 Case, subject to any requisite bankruptcy court

approval, with a view to the successful prosecution of such case or to effect the purposes and intent of the foregoing resolutions.

## Retention of Advisors and Professionals

RESOLVED: That the law firms of Burns & Levinson LLP and Womble Carlyle Sandridge & Rice, LLP are hereby engaged as the attorneys for the Corporation under respective general retainers in the Chapter 11 Case, subject to requisite bankruptcy court approval; and be it further

RESOLVED: That the firm of Consensus Advisory Services LLC is hereby engaged as investment banker for the Corporation in the Chapter 11 Case, subject to requisite bankruptcy court approval; and be it further

RESOLVED: That the firm of Rust Consulting Omni Bankruptcy, a division of Rust Consulting, Inc., is hereby engaged as the claims and noticing agent for the Corporation in the Chapter 11 Case, subject to requisite bankruptcy court approval; and be it further

RESOLVED: That the Authorized Person is authorized and empowered, in the name of and on behalf of the Corporation, to retain or continue to employ such other professionals as he deems necessary, proper or desirable during the course of the Chapter 11 Case.

## Debtor-in-Possession Financing Facilities

RESOLVED: That in connection with the commencement of the Chapter 11 Case, the Board hereby (i) approves that certain DIP Credit Agreement, providing for a Revolving Loan commitment (the "DIP Financing") of up to approximately $30,866,658.00 , with advances made to the Corporation pursuant to the terms of the DIP Credit Agreement, which will be secured by the Collateral (as that term is defined in the Debtor-In-Possession Collateral Agreement by and among the Corporation, Comvest Capital II, L.P., and the other Grantors and Additional Grantors party thereto, of even date with the DIP Credit Agreement (the "Collateral Agreement")), subject only to certain carve outs and permitted liens, (ii) approves that certain Collateral Agreement, (iii) approves that certain Revolving Loan Note, of even date with the DIP Credit Agreement (the "Note") and (iv) consents to the execution, delivery and performance of the DIP Credit Agreement, the Collateral Agreement, and the Note by the Corporation and its subsidiaries; and be it further

RESOLVED: That the Authorized Person is authorized, empowered and directed, in the name and on behalf of the Corporation: (i) to negotiate, enter into,

execute, deliver and perform or cause the performance of the DIP Credit Agreement, the DIP Collateral Agreement, the Note, and such other documents to be negotiated, executed, delivered and performed in connection therewith, including, but not limited to, such pledges, mortgages, guarantees, notes, security agreements, collateral security documents and other agreements, certificates, or instruments as such Authorized Person executing the same considers necessary, proper or desirable (collectively with the DIP Credit Agreement, the DIP Collateral Agreement and the Note, the "DIP Facility Documents"), in such form and with such additions and changes to any or all of such DIP Facility Documents as such Authorized Person deems necessary, proper or desirable, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof and (ii) to consummate the transactions contemplated by the DIP Facility Documents on behalf of the Corporation and its subsidiaries; and be it further

RESOLVED:   That the Corporation, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents (collectively, the "Financing Transactions"); and be it further

RESOLVED:   That the Authorized Person is authorized, empowered and directed, in the name of and on behalf of the Corporation (and any such actions heretofore taken by him are hereby ratified, confirmed and approved in all respects): (i) to cause the Corporation to perform, enter into, negotiate, execute, deliver, certify, file and/or record any and all of the agreements, documents and instruments referenced herein, and such other agreements, financing statements, undertakings, instruments, motions, affidavits, assignments, applications for approvals or ruling of governmental or regulatory authorities, certificates or written consents thereof as may be required or as such Authorized Person deems necessary, proper or desirable, in such form and substance and with such additions and changes to any or all of such terms and conditions as such Authorized Person deems necessary, proper or desirable, and (ii) to take or perform such other acts as may in the judgment of such Authorized Person be or become necessary, proper or desirable, in order to effectuate fully the purposes and intent of the foregoing resolutions and matters ratified or approved herein and the consummation of the transactions contemplated thereby, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof; and be it further

RESOLVED: That the Authorized Person is authorized, directed and empowered in the name of, and on behalf of, the Corporation to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Corporation in connection with the foregoing resolutions, in accordance with the terms of the DIP Facility Documents, which shall in his sole discretion be necessary, proper or advisable to perform the Corporation's obligations under or in connection with the DIP Facility Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions; and be it further

RESOLVED: That the Authorized Person is authorized, directed and empowered in the name of, and on behalf of, the Corporation to execute and deliver any amendments, supplements modifications, renewals, replacements, consolidations, substitutions and extensions of any of the DIP Facility Documents or documents concerning the Financing Transactions, or to do such other things which shall in his sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his execution thereof.

**Asset Purchase Agreement**

RESOLVED: That in connection with the commencement of the Chapter 11 Case, the Authorized Person is authorized and empowered: (i) to execute, deliver and undertake any and all transactions contemplated by that certain Asset Purchase Agreement, on substantially the same terms set forth in the Asset Purchase Agreement, in such form and with such additions and changes to any or all of such terms and conditions as such Authorized Person deems necessary, proper or desirable, and (ii) to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Asset Purchase Agreement, which such Authorized Person determines to be necessary, proper or advisable to perform the Corporation's obligations under or in connection with the Asset Purchase Agreement and the transactions contemplated therein and to carry out fully the intent of the foregoing resolution, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof; and be it further

RESOLVED: That the Authorized Person is authorized, empowered and directed, in the name of and on behalf of the Corporation: (i) to negotiate, enter into, execute, deliver and perform or cause the performance of the Asset Purchase Agreement and such other documents to be negotiated, executed, delivered and performed in connection therewith, including,

but not limited to, such pledges, mortgages, guarantees, notes, security agreements, collateral security documents and other agreements, certificates, or instruments as such Authorized Person executing the same considers necessary, proper or desirable (collectively with the Asset Purchase Agreement, the "Asset Purchase Documents"), in such form and with such additions and changes to any or all of such Asset Purchase Documents as such Authorized Person deems necessary, proper or desirable, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof and (ii) to consummate the transactions contemplated by the Asset Purchase Documents on behalf of the Corporation and its subsidiaries; and be it further

RESOLVED:  That the Authorized Person is authorized, empowered and directed to, in the name of and on behalf of the Corporation, to amend, extend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions, including but not limited to the Asset Purchase Documents, the DIP Facility Documents, and documents concerning the Financing Transactions; and be it further

RESOLVED:  That the Authorized Person is authorized, empowered and directed to, in the name of and on behalf of the Corporation (and any such actions heretofore taken by him are hereby ratified, confirmed and approved in all respects): (i) to cause the Corporation to perform, enter into, negotiate, execute, deliver, certify, file and/or record any and all of the agreements, documents and instruments referenced herein, and such other agreements, financing statements, undertakings, instruments, motions, affidavits, assignments, applications for approvals or ruling of governmental or regulatory authorities, certificates or written consents thereof as may be required or as such Authorized Person deems necessary, proper or desirable, in such form and substance and with such additions and changes to any or all of such terms and conditions as such Authorized Person deems necessary, proper or desirable, and (ii) to take or perform such other acts as may in the judgment of such Authorized Person be or become necessary, proper or desirable, in order to effectuate fully the purposes and intent of the foregoing resolutions and matters ratified or approved herein and the consummation of the transactions contemplated thereby, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof.

**Issuance of Press Release**

RESOLVED: That the Authorized Person is authorized, empowered and directed, in the name of and on behalf of the Corporation , to issue, or cause to be issued, a press release announcing, among other things, the Chapter 11 Case, the DIP Facility Documents and the Asset Purchase Agreement, in such form and with such additions to such press release as such Authorized Person deems necessary, proper or desirable, such determination to be conclusively evidenced by the taking of such action or the issuance thereof.

## Subsidiaries

RESOLVED: That the Authorized Person is authorized, empowered and directed, for and on behalf of the Corporation and in its name, in its capacity as sole stockholder of KarmaloopTV, Inc., to negotiate, enter into, execute, deliver, certify, record and/or file and perform or cause the performance of all petitions, documents, affidavits, schedules, motions, lists, applications, pleadings and other papers, in such form and with such additions and changes to any or all of such terms and conditions as such Authorized Person deems necessary, proper or desirable under and in connection with the Chapter 11 Case, the DIP Facility Documents, the Asset Purchase Documents, and the documents concerning the Financing Transactions, and, if applicable, to cause the same to be filed in the Bankruptcy Court, at such time or in such other jurisdiction as such Authorized Person executing the same shall determine necessary, desirable or advisable, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof.

## General

RESOLVED: That the Authorized Person is, in all respects, authorized, empowered and directed, in the name of and on behalf of the Corporation, to take or cause to be taken all such further action and to sign, execute, acknowledge, certify, deliver, accept, record and file, or to cause to be signed, executed, acknowledged, certified, delivered, accepted, recorded and filed, any and all further documents, certificates, instruments and notices, and any amendments thereto, in such form and with such additions and changes to any or all of such terms and conditions as such Authorized Person deems necessary, proper or desirable to carry out the intent or accomplish the purpose of the foregoing resolutions, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof; and be it further

RESOLVED: That any and all actions previously or hereafter taken and any and all documents, certificates or instruments (however characterized or described) previously or hereafter executed and delivered or filed and recorded on behalf of the Corporation by the Authorized Person, and

others acting on the Corporation's behalf pursuant to authority granted to them by the Board or by the Authorized Person, in order to carry into effect the purposes and intent of the foregoing resolutions are hereby ratified, confirmed, adopted and approved in all respects; and be it further

RESOLVED: That all acts lawfully done or actions lawfully taken by the Authorized Person to seek relief on behalf of the Corporation under Chapter 11 of the Bankruptcy Code, or in connection with the Chapter 11 Case, or any matter related thereto, including in connection with the DIP Facility Documents, the Asset Purchase Documents, and documents concerning the Financing Transactions, be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deed of the Corporation; and be it further

RESOLVED: That all members of the Board of the Corporation have received sufficient notice of the actions and transaction relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waive any right to have received such notice; and be it further

RESOLVED: That all acts and actions regarding the negotiation of the DIP Facility Documents, the Asset Purchase Documents, and the Financing Transactions, done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act or agreement had been specifically authorized in advance by resolution of the Board and that the Authorized Person did execute the same. The actions taken by this resolution shall have the same force and effect as if taken at a meeting of the Board duly called and constituted pursuant to the By-Laws of the Corporation and the laws of the State of the Corporation's incorporation; and be it further

RESOLVED: That an executed copy of this Written Consent shall be filed with the minutes of the proceedings of the Corporation's Board.


[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned, being all of the directors constituting the Board, have executed this Written Consent, as of the date first written above, which may be executed in two or more counterparts, each of which shall constitute an original of this Written Consent and all of which together shall constitute one and the same Written Consent.

DIRECTORS OF
KARMALOOP, INC.

_____
Gregory Selkoe

_____
Dennis Selkoe

_____
Christopher Mastrangelo

4840-6432-4130.

IN WITNESS WHEREOF, the undersigned, being all of the directors constituting the Board, have executed this Written Consent, as of the date first written above, which may be executed in two or more counterparts, each of which shall constitute an original of this Written Consent and all of which together shall constitute one and the same Written Consent.

DIRECTORS OF
KARMALOOP, INC.

_____
Gregory Selkoe

_____
Dennis Selkoe

_____
Christopher Mastrangelo

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF
KARMALOOP, INC.,
a Delaware corporation**

March 1 $\frac{16}{}$ , 2015

The undersigned, being all of the directors constituting the Board of Directors (the "Board") of Karmaloop, Inc., a Delaware corporation (the "Corporation"), hereby consent to the following actions and adopt the following resolutions without the necessity of a formal meeting, in accordance with the By-Laws of the Corporation and Section 141(f) of the General Corporation Law of the State of Delaware, as of the date written above:

RESOLVED:   That in connection with the services to be performed by CRS Capstone Partners LLC ("Capstone") in contemplation and anticipation of the potential filing of a petition on behalf of the Corporation in the United States Bankruptcy Court for the District of Delaware seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, the Board hereby (i) approves, in all respects, that certain Transaction Engagement Agreement (as amended from time to time, the "Engagement Agreement"), dated on or about the date hereof, by and between the Corporation, on behalf of itself and its subsidiaries, and Capstone, and (ii) consents to, and authorizes, the execution, delivery and performance of the Engagement Agreement by the Corporation; and be it further

RESOLVED:   That, after due and thoughtful consideration, the Board has determined that it is in the best interests of the Corporation to vest Brian L. Davies Jr. ("Davies") with all powers and authority set forth in the Engagement Agreement, and the Board hereby approves the grant of such powers and authority in all respects; and be it further

RESOLVED:   That Davies is hereby elected to serve as the Chief Restructuring Officer of the Corporation in accordance with the terms and conditions of the Engagement Agreement; and be it further

RESOLVED:   That Davies, in his capacity as Chief Restructuring Officer of the Corporation, is hereby authorized, in his discretion, to perform all acts and actions necessary to prepare for and file a petition on behalf of the Corporation in the United States Bankruptcy Court for the District of Delaware seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, if after consultation with the Board and its outside legal counsel, he deems such action to be in the best interests of the Corporation; and be it further

RESOLVED:   That Davies is hereby authorized, in the name of and on behalf of the Corporation, to do any and all such further acts and things and to execute

1

and deliver any and all such other documents, instruments and certificates as he determines in good faith are necessary, convenient, or desirable in connection with such bankruptcy filing or the other authority granted to Davies pursuant to the Engagement Agreement; and be it further

RESOLVED: That any and all actions previously or hereafter taken by Davies, and any and all documents, certificates or instruments (however characterized or described) previously or hereafter executed and delivered or filed and recorded by Davies on behalf of the Corporation, and others acting on the Corporation's behalf pursuant to authority granted to them by the Board or by Davies, in order to carry into effect the purposes and intent of the foregoing resolutions and the Engagement Agreement, are hereby ratified, confirmed, adopted and approved in all respects; and be it further

RESOLVED: That all acts and actions taken by Davies in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act or agreement had been specifically authorized in advance by resolution of the Board and that Davies did execute the same. The actions taken by this resolution shall have the same force and effect as if taken at a meeting of the Board duly called and constituted pursuant to the By-Laws of the Corporation and the laws of the State of the Corporation's incorporation; and be it further

RESOLVED: That an executed copy of this Written Consent shall be filed with the minutes of the proceedings of the Corporation's Board.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned, being all of the directors constituting the Board, have executed this Written Consent, as of the date first written above, which may be executed in two or more counterparts, each of which shall constitute an original of this Written Consent and all of which together shall constitute one and the same Written Consent.

DIRECTORS:

_____
Gregory Selkoe

_____
Dennis Selkoe

_____
Christopher Mastrangelo

4840-9808-3618.

IN WITNESS WHEREOF, the undersigned, being all of the directors constituting the Board, have executed this Written Consent, as of the date first written above, which may be executed in two or more counterparts, each of which shall constitute an original of this Written Consent and all of which together shall constitute one and the same Written Consent.

**DIRECTORS:**

_____

Gregory Selkoe

_____

Dennis Selkoe

_____

Christopher Mastrangelo