# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Karmaloop, Inc., | ) | Case No. 15-10635 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KarmaloopTV, Inc., | ) | Case No. 10636 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY

Karmaloop, Inc. and KarmaloopTV, Inc., as debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as Exhibit A, directing joint administration of their related chapter 11 cases. In support of the Motion, the Debtors rely on the Declaration of Brian L. Davies, Jr. in Support of First Day Motions (the "Davies Declaration") concurrently filed herewith. In further support of the Motion, the Debtors respectfully represent as follows:

### I.    Jurisdiction and Venue

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these bankruptcy cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory basis for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). Relief is also warranted pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## II. Background

5. On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

6. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no trustee, examiner or statutory committee has been appointed in these Cases by the United States Trustee.

7. The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the Davies Declaration.

## III. Relief Requested

8. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11

cases under the case of "Karmaloop, Inc.," Docket No. "15-10635" and that these chapter 11 cases be administered under the caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | ) | |
|---|---|---|
| | ) | Chapter 11 |
| KARMALOOP, INC., et. al.,[1] | ) | |
| | ) | Case No. 15-10635 ( ) |
| Debtors. | ) | (Jointly Administration) |
| | ) | |
| | ) | |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Karmaloop, Inc. - 3934; KarmaloopTV, Inc. – 8230. The Debtors' address is 334 Boylston Street, Suite 500, Boston, MA 02116.

9.   The Debtors further request that the Court order that the foregoing caption shall satisfy the requirements set forth in Bankruptcy Code section 342(c)(1).

10.   The Debtors also request that an entry be made on the docket of KarmaloopTV, Inc., Docket No. 15-10636, to reflect the joint administration of these chapter 11 cases that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of this chapter 11 case with the chapter 11 case of Karmaloop, Inc. Docket No. 15-10635. All further pleadings and other papers filed in this case shall be filed in, and all further docket entries shall be made in, the docket of Karmaloop, Inc., Case No. 15-10635.

**IV.   Basis for Relief**

11.   Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The

Debtors are "affiliates" as that term is defined under Bankruptcy Code section 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Bankruptcy Code section 105(a) provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

13. Further, Local Bankruptcy Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Bankruptcy Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Bankruptcy Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

14. Joint administration is generally non-controversial, and courts in this District routinely order joint administration in multiple related cases. See, e.g., In re School Specialty, Inc., Case No. 13-10125 (KJC) (Bankr. D. Del. Jan. 30, 2013); In re LCI Holding Co., Inc., Case No. 12-13319 (KG) (Bankr. D. Del. Dec. 13, 2012); In re Overseas Shipholding Group., Inc., Case No. 12-20000 (PJW) (Bankr. D. Del. Nov. 15, 2012); In re Monitor Co. Group Ltd. P'ship, Case No. 12-13042 (CSS) (Bankr. D. Del.

Nov. 9, 2012); In re Satcon Tech. Corp., Case No. 12-12869 (KG) (Bankr. D. Del. Oct. 18, 2012); In re Southfield Office Bldg. 14, LP, Case No. 12-12415 (BLS) (Bankr. D. Del. Oct. 3, 2012); In re Pemco World Air Servs., Inc., Case No. 12-10799 (MFW) (Bankr. D. Del. March 6, 2012); In re Friendly Ice Cream Corp., Case No. 11-13167 (KG) (Bankr. D. Del. Oct. 6, 2011); In re Neb. Book Co., Case No. 11-12005 (PJW) Bankr. D..Del ,June 282011); In re L.A. Dodgers LLC, Case No. 11-12010 (KG) (Bankr. D. Del. June 28, 2011); In re Jackson Hewitt Tax Serv. Inc., Case No. 11-11587 (MFW) Bankr. D. Del. May 25, 2011); In re Ambassadors Int'l, Inc., Case No. 11-11002 (KG) (Bankr. D. Del. Apr. 5, 2011).

15.  As set forth in the Davies Declaration, the two Debtor entities in these chapter 11 cases are "affiliates" as that term is defined in Bankruptcy Code section 101(2). Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these chapter 11 cases will affect both Debtor entities. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

16.  Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the estates. Parties in interest will not be harmed by the

5

relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### V.   Notice

17. Notice of this Motion shall be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (iii) counsel to the Agent for the Prepetition Senior Secured Lender; (iv) the Agent for the Prepetition Junior Secured Creditors; (v) counsel to the proposed Agent for the postpetition DIP Lenders; and (vi) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that no other or further notice need be provided.

### VI.   No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other court.

### VII. Conclusion

WHEREFORE, for the reasons set forth herein and in the Davies Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:  March 23, 2015

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ Steven K. Kortanek
Steven K. Kortanek (Del. Bar No. 3106)
Ericka F. Johnson (Del. Bar No. 5024)
Morgan L. Patterson (Del. Bar No. 5388)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail:  skortanek@wcsr.com
E-mail:  erjohnson@wcsr.com
E-mail:  mpatterson@wcsr.com

-and-

**BURNS & LEVINSON LLP**
Scott H. Moskol
Michael V. Samarel
Tal M. Unrad
125 Summer Street
Boston, MA 02110
Telephone: (617) 345-3000
Facsimile: (617) 345-3299
E-mail:  smoskol@burnslev.com
E-mail:  msamarel@burnslev.com
E-mail:  tunrad@burnslev.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*