# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KARMALOOP, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10635 (MFW)<br><br>(Jointly Administered)<br><br>**Related Docket No. 71** |

**DEBTORS' AND DEBTORS-IN-POSSESSION'S MOTION TO SHORTEN NOTICE REGARDING LIMITED RELIEF SOUGHT IN ITS MOTION FOR ENTRY OF (I) AN ORDER APPROVING AND AUTHORIZING (A) BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS; (B) THE FORM AND MANNER OF NOTICE OF THE SALE HEARING AND (C) RELATED RELIEF; AND (II) AN ORDER AUTHORIZING (A) THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, (B) THE DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER THE ASSET PURCHASE AGREEMENT; (C) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH; AND (D) GRANTING RELATED RELIEF**

Karmaloop, Inc. and KarmaloopTV, Inc., the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their proposed undersigned counsel, file this motion (the "Motion to Shorten") for entry of an order shortening the applicable notice period regarding the motion requesting entry of (i) an order approving bidding procedures, and (ii) an order (a) authorizing the sale of the Debtors' assets free and clear of all liens, claims and encumbrances, (b) authorizing the Debtors to enter into and perform their obligations under the Asset Purchase Agreement; and (c) authorizing the assumption and

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are: Karmaloop, Inc. (3934) and KarmaloopTV, Inc. (8230). The Debtors' address is 334 Boylston Street, Suite 500, Boston, MA 02116.

assignment of certain executory contracts and unexpired leases in connection therewith (the "Bid Procedures and Sale Motion"). The Bid Procedures and Sale Motion is a combined motion, with multiple orders sought; however, the Debtors' Motion to Shorten is limited to requesting entry of an order shortening notice in connection with the Bid Procedures.[2] Shortened notice regarding the Sale is not being sought. Accordingly, granting the Motion to Shorten will not prejudice the parties-in-interest who wish to be heard in connection with the Sale. In support of this Motion to Shorten, the Debtors respectfully represent as follows:

## I. Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are sections 102 and 105(a), (d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## II. Background

3. On March 23, 2015 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On March 25, 2015, the Court entered an order authorizing joint administration of the Chapter 11 Cases for procedural purposes only. See D.I. 40.

---

[2] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Bidding Procedures and Sale Motion.

4.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  To date, no requests have been made for the appointment of a trustee or an examiner in these Chapter 11 Cases, and no official committee has yet been appointed by the Office of the United States Trustee.

5.      After successful negotiations with the Lenders (as defined in the Declaration of Brian L. Davies, Jr. in support of First Day Motions [D.I. 3] (the "First Day Declaration")), the Debtors commenced the Chapter 11 Cases with their Lenders' support through a debtor-in-possession financing facility sufficient to conduct these cases in a manner designed to maximize value for the Debtors' going concern business assets, and to provide the best opportunity to preserve value and jobs and minimize disruption to the Debtors' business.  Consistent with these goals, the Debtors propose to initiate a sale process over approximately a 51 day period.

6.      At the hearing on March 25, 2015 (the "First Day Hearing"), the Court scheduled a hearing on April 15, 2015 at 12:30 p.m. (ET) as a final hearing on certain motions granted on an interim basis at the First Day Hearing.

### III.     Relief Requested

7.      By this Motion to Shorten, the Debtors seek entry of an order shortening the notice period and setting an objection deadline regarding Bid Procedures.  Shortened notice is not being requested regarding approval of the Sale.

### IV.     Basis for the Relief Requested

8.      Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or

without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). However, Bankruptcy Rule 9006(c) also provides that, "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Id. Further, Local Rule 9006-1 provides that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion(served on all interested parties) specifying the exigencies justifying shortened notice. Del. Bankr. L.R. 9006-1(e).

9. In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." In re Phila. Newspapers, LLC, 690 F.3d 161, 172 (3d Cir. 2012) (noting that motions to shorten are common "given the accelerated time frame of bankruptcy proceedings").

10. The Debtors respectfully suggest that cause exists to shorten the notice period for certain relief sought in the Bid Procedures and Sale Motion. Specifically, the Debtors request that this Court schedule a hearing on the Bid Procedures on April 15, 2015, at 12:30 p.m. (ET), the next scheduled hearing date. The Debtors to not seek to shorten the notice period regarding approval of the Sale.

11. Cause exists to shorten the notice period for hearing regarding the approval of the Bid Procedures. For all of the reasons set forth in the First Day Declaration, the Debtors have determined that the proposed 363 sale process for substantially all of the Debtors' assets will maximize value to the greatest extent possible and generate the highest possible recoveries in an efficient and expeditious manner while

also permitting the Debtors to remain compliant with its post-petition financing obligations.

12. Extensive prepetition marketing has taken place, and it is imperative that the hearing regarding the Bid Procedures takes place on shortened notice in order to encourage potential bidders to commit the time and substantial resources necessary to conduct due diligence regarding the Debtors' assets and formulate a bid. The Debtors believe a prompt, organized and comprehensive sale process will produce the highest available bid and maximize value for the Debtors' stakeholders.

13. In addition, the Postpetition Loan Agreement (as defined in the Order Authorizing Debtors to: (A) Use Cash Collateral on an Emergency Basis Pending a Final Hearing; (B) Incur Postpetition Debt on an Emergency Basis Pending a Final Hearing; and (C) Grant Adequate Protection and Provide Security and Other Relief to Comvest Capital II, L.P., as Agent, and the Lenders [D.I. 47] (the "DIP Order")) requires that an order approving the Bid Procedures be entered on or before April 15, 2015, unless otherwise agreed to in writing by the Postpetition Agent (as defined in the DIP Order). See DIP Order ¶ 9(a) and Postpetition Loan Agreement § 5.17.

14. Accordingly, the Debtors are requesting that the hearing on the Bid Procedures be scheduled for April 15, 2015, at 12:30 p.m. (ET). The Debtors are filing the Bid Procedures and Sale Motion contemporaneously with this Motion to Shorten and completing service to the required parties on March 31, 2015. Thus, the Debtors submit that fifteen (15) days (four (4) days less than the 19 days' notice set forth in the Local Rules if being served by overnight delivery) is adequate time for parties-in-interest, including any statutory committee that might be formed in these Chapter 11 Cases, to

review, evaluate, and comment on the Bid Procedures. Further, the Debtors intend to work in good faith with all parties-in-interest to address any issues concerning the Bid Procedures prior to any hearing on the Bid Procedures.

15. In conclusion, good cause and compelling circumstances are present and expedited consideration of the Bid Procedures is warranted in these Chapter 11 Cases.

WHEREFORE, Debtors respectfully request that this Court enter an Order substantially in the form attached hereto as <u>Exhibit A</u>: (i) granting the Motion to Shorten; (ii) scheduling a hearing on the Bid Procedures and Sale Motion for April 15, 2015 at 12:30 p.m. (ET); (iii) setting April 13, 2015 at 4:00 p.m. (ET) as the deadline to object to Bid Procedures; and (iv) granting the Debtors such further relief as is just and proper.

Dated:   March 30, 2015

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ Steven K. Kortanek
Steven K. Kortanek (Del. Bar No. 3106)
Thomas M. Horan (Del. Bar No. 4641)
Ericka F. Johnson (Del. Bar No. 5024)
Morgan L. Patterson (Del. Bar No. 5388)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail:  skortanek@wcsr.com
E-mail:  thoran@wcsr.com
E-mail:  erjohnson@wcsr.com
E-mail:  mpatterson@wcsr.com

-and-

**BURNS & LEVINSON LLP**
Scott H. Moskol
William V. Sopp
Michael V. Samarel
Tal M. Unrad
125 Summer Street
Boston, MA 02110
Telephone: (617) 345-3522
Facsimile: (617) 345-3299
E-mail:  smoskol@burnslev.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*