# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| Karmaloop, Inc., et al.,[1] | ) Case No. 15-10635 (MFW) ) (Jointly Administered) |
| Debtors. | ) ) Re: D.I. _____ ) |

## ORDER AUTHORIZING THE DEBTORS TO (I) RETAIN CRS CAPSTONE PARTNERS, LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL, AND (II) DESIGNATE BRIAN DAVIES AS DEBTORS' CHIEF RESTRUCTURING OFFICER

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to retain (i) CRS Capstone Partners, LLC ("Capstone") to provide the Debtors a Chief Restructuring Officer (the "CRO") and certain additional personnel, and (ii) to designate Brian Davies as the Debtors' CRO in connection with their Chapter 11 Cases, nunc pro tunc to the Petition Date; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being satisfied based on the representations made in the Motion and in the Capstone Declaration that (a) neither Capstone nor Davies holds or represent any interests adverse to the Debtors' estates, and (b) this Court having

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Karmaloop, Inc. - 3934; KarmaloopTV, Inc. – 8230. The Debtors' address is 334 Boylston Street, Suite 500, Boston, MA 02116.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

determined that the relief requested in this Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is HEREBY ORDERED that:

1. The Motion is GRANTED to the extent provided herein.

2. The Debtors are authorized to retain Capstone to provide the Debtors a CRO and certain additional personnel to provide management and restructuring services to the Debtors in connection with their Chapter 11 Cases, in accordance with the terms and conditions set forth in the Motion, nunc pro tunc to the Petition Date.

3. The Debtors are authorized to designate Brian Davies as the Debtors' Chief Restructuring Officer in connection with their Chapter 11 Cases nunc pro tunc to the Petition Date.

4. Capstone and Davies are authorized to provide the Debtors with the professional services described in the Motion. Specifically, but without limitation, Capstone and Davies are authorized to render the following services:

    (a) representation of the Debtors' interests in the Chapter 11 Cases, including coordination with Debtors' legal counsel on all of the Debtors' legal matters;

    (b) assist with the case administration and reporting associated with a Chapter 11 filing, including but not limited to, preparation of schedules and statements, monthly operating reports, claims reconciliation, assumption and rejection analyses;

    (c) management of any proposed sale process with respect to the sale, merger, or other disposition of any stock, assets, or businesses of the Debtors;

    (d) service as the principal contact with the Debtors' creditors, equity holders, vendors, and other parties in interest with respect to the

Debtors' financial and operational matters, and responding to inquiries or negotiations related to the same;

(e) control and coordination over the Debtors' deposit and other accounts;

(f) supervision of all finance, accounting, and treasury functions;

(g) supervision and assistance with preparation of all financial information required for distribution to the Office of the United States Trustee, creditors, and other parties in interest;

(h) analysis of potential avoidance, fraudulent transfer, and preferential transfer causes of action;

(i) analysis of and objections to claims;

(j) assistance in the negotiation, drafting, and confirmation of any plan in the Chapter 11 Cases; and

(k) other activities as approved and/or suggested by the Debtors' officers and its counsel, and as agreed to by Davies and Capstone.

5. Notwithstanding any provision to the contrary in the Engagement Letter, Capstone shall file with the Court and serve on the Notice Parties a Staffing Report by the 20th of each month for the previous month, which shall include the names and functions filled by all Capstone personnel assigned to the engagement. The Staffing Report (and Capstone's staffing for this matter) shall remain subject to review by the Court in the event so requested by any of the Notice Parties.

6. Further notwithstanding any provision to the contrary in the Engagement Letter, Capstone shall file with this Court, and serve upon the Notice Parties, Compensation Reports on at least a quarterly basis. The Compensation Reports shall summarize the service provided, identify the compensation earned, itemize expenses incurred and provide for an objection period of no less than twenty-one (21) days from the filing of the Compensation Report. All such compensation shall remain subject to review by this Court if any objection is filed.

7. Further notwithstanding any provision to the contrary in the Engagement Letter, any request for indemnification by Capstone shall be governed by the following:

(a) Capstone shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

(b) Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Capstone, or provide contribution or reimbursement to Capstone, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Capstone's gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Capstone's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to Capstone's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which Capstone should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 cases, Capstone believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Capstone must file an application therefor in this Court, and the Debtors may not pay any such amounts to Capstone before the entry of an order by this Court approving the payment. This subparagraph c. is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Capstone for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Capstone.

(d) Any limitation on liability or any amounts to be contributed by the parties to the Engagement letter under the terms of the Engagement Letter shall be eliminated.

8. No principal, employee, or independent contractor of Capstone shall serve as a director of either of the above-captioned Debtors during the pendency of the above-captioned cases.

9. To the extent the Motion is inconsistent with the terms of this Order, the terms of this Order shall govern.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this order.

11. The terms and conditions of this order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

12. Notwithstanding any provision to the contrary in the Motion, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this order.

Dated: April____, 2015

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge