**EXHIBIT A**

**PROPOSED ORDER**

01:17150043.1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>KARMALOOP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10635 (MFW)<br><br>(Jointly Administered)<br><br>RE: Docket No. _____ |

**ORDER APPROVING SETTLEMENT BY AND AMONG**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND**
**COMVEST CAPITAL II, L.P., AS AGENT**

Upon the motion ("Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned jointly administered cases for entry of an order (i) approving the settlement between the Committee and Comvest Capital II, L.P., in its capacity as prepetition lender, agent for prepetition lenders, the postpetition agent for the postpetition lenders and postpetition lender of the Debtors ("Comvest") memorialized in the stipulation attached hereto as **Exhibit I** (the "Settlement Agreement") and (ii) granting the Committee such other and further relief as this Court deems just and proper, all as more fully described in the Motion; and this Court having subject matter jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b) and 1334; and after consideration of the Motion and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates and creditors, and all parties

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Karmaloop, Inc. – 3934 and KarmaloopTV, Inc. – 8230. The Debtors' address is 334 Boylston Street, Suite 500, Boston, MA 02116.

[2] Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.

- 2 -

in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted to the extent set forth herein.

2. The Settlement Agreement is hereby approved. The Court finds and determines that the Settlement embodied in the Settlement Agreement is reasonable and appropriate.

3. The Committee is authorized to take any and all actions, including, without limitation, execution and delivery of documents, certificates, instruments or other papers, on behalf of the estates, as may be reasonably necessary to perform obligations arising under the Settlement Agreement.

4. This Court shall retain jurisdiction with respect to all matters relating to or arising from the interpretation or implementation of this Order.

Dated: June ___, 2015
       Wilmington, Delaware

                                       _____
                                       HONORABLE MARY WALRATH
                                       UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT I

# SETTLEMENT AGREEMENT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KARMALOOP, INC., *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10635 (MFW)<br><br>(Jointly Administered)<br><br>Ref. Doc. Nos. 71, 143, and 226 |

**STIPULATION BY AND AMONG THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS AND COMVEST CAPITAL II, L.P.,
AS AGENT, WITH RESPECT TO OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' (I) OBJECTION TO THE DEBTORS' MOTION FOR ENTRY OF AN
ORDER APPROVING AND AUTHORIZING THE SALE OF THE DEBTORS' ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND
GRANTING RELATED RELIEF AND (II) LIEN CHALLENGE**

This Stipulation is made and entered into between the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee"), and Comvest Capital II, L.P., the prepetition agent for the prepetition lenders, the postpetition agent for the postpetition lenders and postpetition lender of the Debtors ("Comvest").

WHEREAS, on March 23, 2015 (the "Petition Date"), Karmaloop, Inc. and KarmaloopTV, Inc. (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

WHEREAS, on April 1, 2015, the Office of the United States Trustee for the District of Delaware appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code; and

---

[1] The Debtors and the last four digits of their tax identification numbers are: Karmaloop, Inc. (3934) and KarmaloopTV, Inc. (8230).

WHEREAS, on April 17, 2015, the Court entered a *Final Order Authorizing Debtors to: (A) Use Cash Collateral; (B) Incur Postpetition Debt; and (C) Grant Adequate Protection and Provide Security and Other Relief to Comvest Capital II, L.P. as Agent, and the Lenders* [D.I. 143] (the "Final DIP Order"); and

WHEREAS, as reflected in paragraph 3(c) of the Final DIP Order "the Committee must seek any such determination in accordance with Paragraph 8 of this [Final DIP] Order on or before May 5, 2015 with regard to perfection or identifying unencumbered assets" (the "Unencumbered Asset Investigation Deadline"); and

WHEREAS, the *Order (A) Approving Bid Procedures and Bid Protections Relating to Sale of Substantially all of the Debtors' Assets; (B) Scheduling an Auction and Hearing; (C) Approving Form and Manner of Notice of Sale and Auction; and (D) Establishing Procedures Relating to Assumption and Assignment and Rejection of Contracts* (D.I. 147) ("Bid Procedures Order") was entered on April 17, 2015; and

WHEREAS, on May 5, 2015, the Committee and the Lender entered into the *Stipulation By and Among the Official Committee of Unsecured Creditors and Comvest Capital II, L.P., as Agent, Extending Certain Deadlines* dated May 5, 2015 ("Lien Challenge Stipulation") which extended the Unencumbered Asset Investigation Deadline to May 19, 2015; and on May 6, 2015, the *Order Approving Stipulation By and Among the Official Committee of Unsecured Creditors and Comvest Capital II, L.P., as Agent, Extending Certain Deadlines* (D.I. 194) ("Lien Challenge Stipulation Order"), and the Lien Challenge Stipulation is attached as an exhibit to the Lien Challenge Stipulation Order; and

WHEREAS, on May 14, 2015, the Committee filed the *Official Committee of Unsecured Creditors (I) Objection to the Debtors' Motion for Entry of an Order Approving*

*and Authorizing the Sale of the Debtors Assets Free and Clear of all Liens, Claims and Encumbrances and Granting Related Relief and (II) Lien Challenge* (D.I. 216) ("Objection"); and

**WHEREAS**, in full and final resolution and satisfaction of (i) the Objection and (ii) any claims, objections or causes of action with respect to (A) the claims of the Prepetition Agent and the Prepetition Lenders and the Postpetition Agent and the Postpetition Lenders and (B) the extent, validity, priority or perfection status of the liens and security interests asserted by the Prepetition Agent and the Prepetition Lenders and the Postpetition Agent and the Postpetition Lenders, subject only to final entry of an order of the Court in accordance with Bankruptcy Rule 9019, the Committee, Prepetition Agent and the Prepetition Lenders and the Postpetition Agent and the Postpetition Lenders have agreed, and have agreed to cause the Purchaser to agree (collectively, the "Parties"), as follows:

1. At such time that the recovery to Prepetition Lenders and Postpetition Lenders (as each is defined in the Final DIP Order), together with any entities that elect to invest in the Purchaser subsequent to the Closing Date (as each is defined in the Bid Procedures Order), is in excess of $50,000,000 in the aggregate (the "Recovery Threshold"), Purchaser agrees to pay to a trust created for the benefit of Debtors' general unsecured creditors (the "Creditor Trust"), seven and one-half percent (7.5%) (as reduced from time to time, as set forth below, the "Sharing Percentage") of all amounts recovered in excess of the Recovery Threshold, until such time as the amounts recovered in excess of the Recovery Threshold equals $50,000,000 in the aggregate.

2. The Sharing Percentage will be reduced to: (x) five percent (5%) on the third anniversary of the Closing Date; (y) two and one-half percent (2.5%) on the sixth anniversary of the Closing Date; and (z) zero percent (0%) on the tenth anniversary of the Closing Date (at which time the Purchaser will have no further obligations to make any

payments to the Creditor Trust).

3. Purchaser acknowledges and agrees that any claims or causes of action of the Debtors' estates against officers, directors, and other insiders of the Debtors, and any claims or causes of action under ~~any~~ the director and officer insurance policies ~~or similar insurance policies~~ of ~~the~~ policy  of the Debtors (as those policies are identified by the Debtors in their Exhibit A filed as D.I. 6), will be excluded from the Acquired Assets (collectively, the "Specified Claims").

4. With respect to such Specified Claims, and to the extent that the Purchaser elects to exclude from the Acquired Assets any claims and causes of action under chapter 5 of the Bankruptcy Code (any such claims and causes of auction, together with the Specified Claims, collectively, the "Excluded Claims"), subject to the proviso at the end of this sentence, (i) seven and one-quarter percent (7.25%) of all net recoveries realized from any such Excluded Claims will be paid to the Creditor Trust for the benefit of the Debtors' general unsecured creditors, subject to the terms of any applicable "subordination agreements" (within the meaning of Section 510 of the Bankruptcy Code), and (ii) ninety-two and three-quarters percent (92.75%) of any such net recoveries will be paid to the Prepetition Agent, for the benefit of the Prepetition Lenders, for application to the claims of the Prepetition Agent and the Prepetition Lenders on a final and indefeasible basis; provided, however, that, to the extent the Postpetition Agent or the Postpetition Lenders extend any additional advances to the Debtors in excess of the "DIP Commitment" as defined in Exhibit A to the Final DIP Order, including, without limitation, in connection with, or in furtherance of, confirming a liquidating plan, paying any administrative claims, or providing funding to a liquidating trustee, any such advances will be paid first out of any such net recoveries plus interest on such advances or other financial accommodations at a ten percent (10%) per annum rate, before any distributions are made to the Creditor Trust or to the Prepetition Lenders in accordance with the terms set forth above.

5. This Stipulation shall be binding on all Parties hereto. The Parties agree to seek approval of this Stipulation by filing an appropriate pleading with the Court pursuant to Bankruptcy Rule 9019.

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Stipulation.

7. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, and representatives, including, without limitation, any successor trustee or other fiduciary hereafter appointed in these chapter 11 cases or in subsequent chapter 7 cases as a legal representative of the Debtors or their estates.

Dated: May 20, 2015

| | |
|---|---|
| /s/ Dimitri Karcazes | /s/ Cassandra Porter |
| Dimitri Karcazes, Esq.<br>Zachary Garrett, Esq.<br>GOLDBERG KOHN LTD.<br>55 East Monroe Street, Suite 3300<br>Chicago, Illinois 60603<br>Telephone: (312) 201-4001<br>Facsimile: (312) 332-2196 | Sharon L. Levine, Esquire<br>Cassandra Porter, Esquire<br>LOWENSTEIN SANDLER LLP<br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>Telephone: (973) 597-2500<br>Facsimile: (973) 597-2400 |
| and | And |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Robert Dehney, Esq. (No. 3578)<br>Curtis Miller, Esq. (No. 4583)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989 | M. Blake Cleary (No. 3614)<br>Sean M. Beach (No. 4070)<br>Jaime Luton Chapman (No. 4936)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 |
| *Counsel for Comvest Capital II, L.P., as Agent* | *Counsel for the Official Committee of Unsecured Creditors* |