IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| KL Wind-Down, Inc., et al., [1] | Case No. 15-10635 (MFW) |
| Debtors. | (Jointly Administered) |
|  | **Objections Due: TBD**<br>**Hearing Date: TBD** |

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF (I) AN ORDER
AMENDING THE FINAL DIP ORDER, AND AUTHORIZING
REMITTANCE OF CASH COLLATERAL AND FACILITATING
TRANSFERS PURSUANT TO THE SALE ORDER, AND (II) AN ORDER
CONVERTING THE DEBTORS' CHAPTER 11 CASES TO
CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby submit this motion (the "Motion") for entry of (i) an order (a) amending the Final DIP Order to increase the permitted DIP Commitment[2] solely to facilitate the funding of the Debtors' unpaid Carveout obligations to Carveout Professionals under the Final DIP Order, (b) authorizing the Debtors to immediately (x) remit any and all Cash Collateral in their possession or control to the Postpetition Agent, (y) remit to Karmaloop, LLC, the purchaser of substantially all of the Debtors' assets in connection with the Sale (defined below) (the "Purchaser") any monies owned by the Purchaser, and (z) execute and deliver one or more instruments relating to the Debtors' intellectual property, pursuant to the APA and the Sale Order (defined below); and (ii) an order

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: KL Wind-Down, Inc. (f/k/a Karmaloop, Inc.) – 3934; KL TV Wind-Down, Inc. (f/k/a KarmaloopTV, Inc.) – 8230. The Debtors' address is 334 Boylston Street, Suite 500, Boston, MA 02116.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Final Order Authorizing Debtors to: (A) Use Cash Collateral; (B) Incur Postpetition Debt; and (C) Grant Adequate Protection And Provide Security And Other Relief To Comvest Capital II, L.P., as Agent, and The Lenders (Docket No. 143) (as amended in form and substance satisfactory to the Agents, the "Final DIP Order").

converting the above-captioned chapter 11 cases to cases under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), as soon as possible. In support of this Motion, the Debtors respectfully state as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), in that it is a matter concerning the administration of the Debtors' estates.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory basis for the relief requested herein is Bankruptcy Code section 1112.

### II.    BACKGROUND

4.    On March 23, 2015 (the "Petition Date"), each of the Debtors commenced cases under Chapter 11 of the Bankruptcy Code.  The Debtors continued to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108 through the closing of the sale of substantially all of their assets to the Purchaser on June 5, 2015 pursuant and subject to the Sale Order[3] and the APA (as defined in the Sale Order) under Sections 363, 365, and related provisions of the Bankruptcy Code, and thereafter the Debtors have so managed their remaining estates. No trustee or examiner has been requested or appointed in the Debtors' Chapter 11 cases.

5.    On April 1, 2015, the United States Trustee for the District of Delaware (the "U.S. Trustee"), pursuant to Bankruptcy Code Section 1102(a)(1), appointed five members to the Official Committee of Unsecured Creditors (the "Creditors Committee").

---

[3] Order (A) Authorizing Sale Of Substantially All Of The Debtors' Assets Free And Clear Of All Liens, Claims And Interests; (B) Approving Asset Purchase Agreement; (C) Authorizing Assumption and Assignment Of Certain Executory Contracts And Unexpired Leases; And (D) Granting Other Relief (Docket No. 234, the "Sale Order").

6. On April 15, 2015, the Court entered the Final DIP Order.

7. Under and subject to the Final DIP Order, the Debtors were authorized to incur Postpetition Debt and to remit Cash Collateral to the Postpetition Agent in accordance with the terms and conditions thereof through the Termination Date, which occurred on June 5, 2015.

### III.    RELIEF REQUESTED

8. The Debtors consider their cases successful by the metrics that can be applied to a modern chapter 11 case: a robust investment banking effort was undertaken postpetition in order to test the market for the Debtors' businesses on a going concern basis; the sale process and the Debtors' operations were funded by the Postpetition Lenders under the Final DIP Order for a considerable period of time for such marketing purposes - approximately 60 days postpetition; the Debtors secured a committed buyer for their businesses on a going concern basis, in the form of the Purchaser, and the Debtors succeeded in closing upon the Sale; substantially all of the Debtors' former employees were offered employment by the Purchaser; and a global settlement was achieved (and approved by the Court) among the Debtors, the Committee, the Agents, and the Lenders to resolve potential Committee claims in a cost-effective and responsible manner.

9. The Debtors had hoped to reach an agreement as well on a means to wind down their cases through a chapter 11 plan. Unfortunately, that objective could not be achieved. The Debtors' nationwide retail operations spawned many proofs of claim asserting substantial priority tax claims, and significant administrative claims have also been filed. Those claims, among other factors, created insurmountable hurdles to reaching agreement on funding for, and a means to confirm, a chapter 11 plan. Therefore, the Debtors are now seeking a prompt conversion of their cases to cases under chapter 7 of the Bankruptcy Code. The Debtors are also seeking entry of an order, prior to entry of a conversion order, to amend the Final DIP Order, to permit the Debtors to turn over Cash Collateral and Purchaser-owned monies, and to permit the

Debtors to execute certain instruments in furtherance of the Purchaser's acquisition of the Debtors' intellectual property. The Debtors' proposed form of procedural order is attached hereto as Exhibit A (the "Amendment Order"), and the proposed form of conversion order is attached hereto as Exhibit B (the "Conversion Order").

### A. Final DIP Order Amendment, Cash Remittance And Intellectual Property Instruments

10. While entry of the Conversion Order is not conditioned on prior entry of the Amendment Order, the Debtors respectfully submit that entry of the Amendment Order on an expedited basis, prior to conversion, is necessary and appropriate under the circumstances. The Amendment Order will carry out the purposes of the Final DIP Order with respect to payment of remaining Carveout obligations and turnover of Cash Collateral, and likewise will further the purposes of the Sale Order and APA by allowing the turnover of money that is the Purchaser's property and the execution of one or more instruments to facilitate the Purchasers' use of purchased intellectual property.

11. In connection with the termination of the DIP facility, the Postpetition Agent and the Postpetition Lenders have worked with the Debtors to promptly conclude and discharge the remaining obligations under the Final DIP Order to fund amounts due under the Carveout to Carveout Professionals (collectively, "Carveout Distributions"). The funding of such Carveout Distributions will cause the total advances by the Postpetition Lenders under the Final DIP Order and the Postpetition Documents to exceed the DIP Commitment (and the Revolving Loan Commitment under the DIP Credit Agreement) of $30,866,658.00. The Debtors believe that the Postpetition Lenders will fund the remaining Carveout Distributions, but in connection therewith, the Final DIP Order and the Postpetition Documents need to be amended solely to increase the DIP Commitment (as well as the Revolving Loan Commitment under the

Postpetition Loan Agreement) by an amount sufficient to enable the funding for the Debtors to make the remaining Carveout Distributions under the Final DIP Order.

12. Each affected Carveout Professional has agreed in principle to the Debtors' calculation of the remaining Carveout Distributions to be made to each such Carveout Professional under the Final DIP Order. The Debtors request that the proposed form of Amendment Order provide that, upon the Postpetition Lenders' funding of the remaining Carveout Distributions in full, (i) the Agents and Lenders will have, and will be deemed to have, satisfied all of their respective obligations under the Final DIP Order and the Postpetition Documents, including, without limitation, relating to the Carveout, and (ii) the Agents and Lenders will not have any other or further obligations whatsoever relating to the Final DIP Order or any Postpetition Document, including, without limitation, relating to the Carveout.

13. In addition, the Debtors currently possess or control Cash Collateral and certain property of the Purchaser, including, without limitation, certain monies of the Purchaser that were received by the Debtors following the consummation of the Sale. The Purchaser has also advised the Debtors that it believes the Debtors have an obligation to execute one or more instruments (the "IP Instruments") to facilitate the Purchasers' use of intellectual property acquired from the Debtors, pursuant to the APA and the Sale Order. Accordingly, the Debtors request that the proposed form of Amendment Order authorize the Debtors to immediately (and prior to the Conversion Date), (i) remit any and all Cash Collateral in their possession or control to the Postpetition Agent, (ii) remit to the Purchaser any and all monies which are property of the Purchaser, and (iii) execute and deliver the IP Instruments.

14. The Debtors will undertake to make such changes to the proposed form of Amendment Order in order for it to be in form and substance satisfactory to the Debtors, the Committee, and the Agents.

**B.  Conversion to Chapter 7**

15. Under Bankruptcy Code § 1112(a), the Debtors have the absolute right to convert their chapter 11 bankruptcy cases to cases under chapter 7. See In re Dieckhaus Stationers of King of Prussia, Inc., 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (Section 1112(a) "gives the debtor an absolute right to convert"). A prompt conversion is therefore warranted, particularly since there is no funding for any further period in chapter 11 administration. The Debtors believe that entry of the Amendment Order, and the parties' best efforts to carry out the measures called for thereunder, is warranted prior to entry of the Conversion Order. The Debtors respectfully submit that a time frame of approximately one week from the filing and service of this Motion is appropriate for a hearing to consider the form of the Amendment Order, prior to entry of the Conversion Order.

## IV.   NOTICE

16. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Official Committee of Unsecured Creditors; (c) counsel to the Agents; and (d) all parties that have timely filed requests for notice under Bankruptcy 2002. In light of the nature of the relief requested, the Debtors submit that no further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order, substantially in the form attached hereto as Exhibit A (as modified in form and substance satisfactory to the Debtors, the Committee, and the Agents), and thereafter, (ii) an Order,

2

substantially in the form attached hereto as Exhibit B hereto, and (iii) grant such other and further relief as the Court deems just and appropriate.

| | |
|---|---|
| Dated:  August 25, 2015 | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP** |
| | */s/ Steven K. Kortanek* |
| | Steven K. Kortanek (Del. Bar No. 3106) |
| | Thomas M. Horan (Del. Bar No. 4641) |
| | Ericka F. Johnson (Del. Bar No. 5024) |
| | Morgan L. Patterson (Del. Bar No. 5388) |
| | 222 Delaware Avenue, Suite 1501 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 252-4320 |
| | Facsimile: (302) 252-4330 |
| | skortanek@wcsr.com |
| | thoran@wcsr.com |
| | erjohnson@wcsr.com |
| | mpatterson@wcsr.com |
| | -and- |
| | **BURNS & LEVINSON LLP** |
| | Scott H. Moskol |
| | William V. Sopp |
| | Michael V. Samarel |
| | 125 Summer Street |
| | Boston, MA 02110 |
| | Telephone: (617) 345-3000 |
| | Facsimile: (617) 345-3299 |
| | smoskol@burnslev.com |
| | wsopp@burnslev.com |
| | msamarel@burnslev.com |
| | *Counsel for the Debtors and Debtors-in-Possession* |